**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**


TREY BURNETT                                                                                PLAINTIFF


v.                                             4:23-cv-00369-DPM-JJV


KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                             DEFENDANT

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to Chief United States District Judge

D. P. Marshall Jr.   The parties may file specific objections to these findings and recommendations

and must provide the factual or legal basis for each objection.   The objections must be filed with

the Clerk no later than fourteen (14) days from the date of the findings and recommendations.   A

copy must be served on the opposing party.   The district judge, even in the absence of objections,

may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Trey Burnett, has appealed the final decision of the Commissioner of the Social

Security Administration to deny his claim for supplemental security income.   Both parties have

submitted appeal briefs[1] and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is

supported by substantial evidence on the record as a whole and free of legal error.   *Slusser v.*

---

[1]  Plaintiff's mother, Rey Lee Burnett filed a brief on behalf of her son.   Her brief fails to state any issues of reversible error.   The Commissioner has proceeded with a defense based on the substantial evidence test.   Accordingly, I have proceeded by way of a general review on whether or not the ALJ's decision is supported by substantial evidence.

*Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3).   Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.   *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).   In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.   *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the Commissioner's briefs and are not in serious dispute.   Therefore, they will not be repeated in this opinion except as necessary.   After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff is young – he just turned twenty-one years old.   (Tr. 49.)   He attended special education classes and is a high school graduate.   (Tr. 56.)   He has no past relevant work.

The Administrative Law Judge (ALJ)[1] first noted, "The claimant attained age 18 on September 15, 2020, and was eligible for supplemental security income benefits as a child for the month preceding the month in which he attained age 18. The claimant was notified that he was found no longer disabled as of February 1, 2022, based on a redetermination of disability under

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.   20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

the rules for adults who file new applications." (Tr. 13.)   The ALJ then determined Plaintiff has

"severe" impairments in the form of "asthma, anxiety, borderline intellectual functioning,

oppositional defiant disorder, ADHD, and schizophrenia." (*Id.*)   The ALJ further found Mr.

Burnett did not have an impairment or combination of impairments meeting or equaling an

impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]   (Tr. 13-16.)

The ALJ next concluded:

> After careful consideration of the entire record, the undersigned finds that since
> February 1, 2022, the claimant has had the residual functional capacity to perform
> a full range of work at all exertional levels but with the following non-exertional
> limitations: the claimant would be limited to occasional exposure to atmospheric
> conditions such as fumes, noxious odors, dusts, mists, gases, and poor ventilation;
> simple, repetitive work; simple work-related decisions; can deal with changes in a
> routine work setting, but not at a production-rate pace, for example no assembly-
> line work; and occasional interaction with supervisors, coworkers, and the public.

(Tr. 16.)

Given his residual functional capacity assessment and the fact Plaintiff had no past relevant

work, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff

could perform despite his nonexertional limitations.   (Tr. 62-65.)   Given the opinion of the

vocational expert, the ALJ determined Mr. Burnett could perform the jobs of garment bagger,

small parts inspector, and hand packager.   (Tr. 24.)   Accordingly, the ALJ determined Mr.

Burnett was not disabled.   (Tr. 25.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making

his decision the final decision of the Commissioner.   (Tr. 1-5.)   Plaintiff filed the instant

Complaint initiating this appeal.   (Doc. No. 2.)

---

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

After reviewing the record, it appears the question is whether Plaintiff has the intellectual and psychological ability to perform the jobs identified by the vocational expert.   On this question- as the Commissioner argues - the ALJ provided a thoughtful and thorough analysis. (Doc. No. 11 at 5, Tr. 11-25.)   After careful review, I agree with the Commissioner and find the ALJ's decision is supported by substantial evidence.

I realize Plaintiff's high school teachers were asked about his abilities and they reported that Mr. Burnett was very limited.   (Tr. 373-380, 382-389, 453-43.)   But the ALJ evaluated the reports from Plaintiff's teachers but found them unpersuasive.   (Tr. 18-20.)   I have also carefully reviewed these reports.   While they support Plaintiff's allegations of disability, I do not find them to be very persuasive as to the question of whether Plaintiff is currently disabled.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added).   A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. § 423(d)(3).   Although Plaintiff has been diagnosed with serious mental illness and clearly has some intellectual limitations, the ALJ's residual functional capacity assessment is supported by substantial evidence of record.

Importantly, Plaintiff's treatment records fully support the ALJ's determination that Mr. Burnett could perform the jobs of garment bagger, small parts inspector, and hand packager.   The treatment notes show that regularly:

He was alert and oriented, he was cooperative during examinations, his mood was euthymic, his affect was appropriate, his speech was clear, his thought process was logical, his memory was good, he denied experiencing any auditory hallucinations or other symptoms of psychosis, his fund of knowledge was adequate, and his judgment and insight were good (Exhibits 3F, pp. 2 and 11; 7F, p. 4; 13F, p. 2; and 16F, pp. 3, 6, 7, 17, 23, 24, and 30). In addition, the undersigned notes that the claimant's overall treatment of his mental impairments was conservative, with no hospitalizations or emergency care. The claimant's treatment consisted of psychotherapy and medication.

(Tr. 23, 395, 397, 404, 407, 409, 412, 414, 417, 486, 489-90, 495, 498, 501-502, 523, 526-27, 533, 536, 542, 550.)

I have fully considered the arguments outlined in Plaintiff's brief, (Doc. No. 9), and find them to be without merit.  It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.   There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

DATED this 18th day of October 2023.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

5